

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# Chapman v. Amer Inst CPA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chapman v. Amer Inst CPA" (2007). *2007 Decisions.* Paper 1251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5025
_____

DAVID L. CHAPMAN,

Appellant

v.

AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS;
JOHN DOES 1-10 (FICTITIOUS); CORPORATION A-Z;
SENIOR MANAGER ELLEN GORIA;
DIRECTOR LISA SNYDER

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-03692)
District Judge:  The Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2007

Before: SMITH, NYGAARD, and HANSEN,* Circuit Judges.

_____

*Honorable David R. Hansen, Senior Circuit Judge for the Eighth Circuit Court of
Appeals, sitting by designation.

(Filed April 19, 2007)

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

David L. Chapman appeals the District Court's grant of summary judgment against him on his claim that his employer failed to promote him, and eventually terminated him, because of his race. We will affirm.

## I.

Because we write for the benefit of the parties, we recite only those facts necessary to our analysis. Chapman, an African-American male, was a technical manager for the American Institute of Certified Public Accountants (AICPA) for over three years. While at AICPA, he was the only African-American in the Professional Ethics Division, and his supervisor was a white female. During his second year with AICPA, he was placed in the organization's System to Accept Responsibility for Job Performance (STAR) program. After 14 months in the program, Chapman was terminated. He was replaced by a Latino female.

Chapman filed suit against AICPA in the Superior Court of New Jersey, alleging (1) gender discrimination under 42 U.S.C. §1981; (2) race discrimination under §1981; (3) gender discrimination under the New Jersey Law Against Discrimination (NJLAD);

(4) race discrimination under the NJLAD; and (5) wrongful discharge. AICPA removed the action to the U.S. District Court for the District of New Jersey. The District Court dismissed counts one and five, and granted summary judgment in favor of AICPA on the remaining counts. Chapman filed a timely appeal with respect to counts two and four.

II.

On appeal, Chapman claims that AICPA failed to promote him and then terminated him because of his race. Racial discrimination claims under the NJLAD and §1981 are analyzed under the framework set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981). Under this framework, the plaintiff bears the burden of establishing a *prima facie* claim. Establishment of a *prima facie* claim raises an inference of discrimination, which the defendant may rebut by articulating a legitimate, non-discriminatory justification for the adverse employment action. If the defendant successfully rebuts the inference of discrimination, the plaintiff may still defeat a motion for summary judgment by pointing to some evidence, direct or circumstantial, from which a fact-finder could reasonably either (1) disbelieve the employer's proffered justification; or (2) believe that an invidious discriminatory motive was more likely than not a motivating or determinative cause of the employer's action. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

AICPA contends that Chapman failed to establish a *prima facie* discrimination claim because he was not qualified for his position. We disagree. Chapman worked as a technical manager for nearly two years before being placed in the STAR program. This

3

fact was sufficient to establish that he met his position's objective qualifications. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995).

Nevertheless, AICPA presented more than sufficient evidence to show that Chapman was not promoted, and was ultimately terminated, because he consistently failed to meet performance requirements. To avoid summary judgment, Chapman was therefore required to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in AICPA's explanation that a reasonable fact-finder could find that unlawful discrimination was the real reason behind AICPA's decisions. *Fuentes*, 32 F.3d at 765. He did not present any evidence that white employees with similar performance records were either promoted or retained by AICPA. Nor did he present any other evidence of racial bias or hostility at AICPA. Like the District Court, we conclude that Chapman failed to demonstrate that AICPA's proffered justification was merely pretextual and that AICPA discriminated against him because of his race.

III.

We conclude that Chapman failed to present evidence sufficient to overcome summary judgment against his claims of racial discrimination under the NJLAD and 42 U.S.C. §1981. Accordingly, we will affirm the District Court's order.

4